STATE of South Dakota, Plaintiff
and Appellee,

v.

Mikkel STAVIG, Defendant
and Appellant.

No. 15560.

Supreme Court of South Dakota.

Considered on Briefs Sept. 2, 1987.

Decided Dec. 2, 1987.

John W. Bastian and Jon R. Erickson, Asst. Attys. Gen., Pierre, for plaintiff and appellee; Roger W. Tellinghuisen, Atty. Gen., Pierre, on brief.

Robert A. Christenson, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

Defendant Mikkel Stavig (Stavig) appeals from convictions of conspiracy to distribute a controlled substance (cocaine) and conspiracy to distribute marijuana. We affirm.

Defendant challenges the trial court's admission of evidence of the purchase of a

semi-automatic weapon by a state witness, the purchase of a semi-automatic weapon by a co-conspirator, and the admission of a co-conspirator's statement to an independent witness.

Stavig was indicted with co-defendants Jerald Moser (Moser), Chad Beesley (Beesley), and Gerald Enlow (Enlow). All defendants were tried together. Uncharged co-conspirators were Michael Joseph (Joseph), Marvin Kolsrud (Kolsrud), and Rudy Faupel (Faupel).

The conspiracy, as charged in the indictment, involved the picking, drying, and transportation of marijuana for sale in Florida. Each member of the conspiracy was assigned duties in the furtherance of the conspiracy. The picking was accomplished in Iowa. The drying was completed in South Dakota and Iowa. The indictment alleges Stavig was involved in the transportation of the marijuana, either to its place of drying or for final sale in Florida. State alleges that Moser obtained a KG–99 semi-automatic weapon during the course of the conspiracy for the purpose of protecting the operation.

At trial, James Quien (Quien) testified that he was the owner of a KG–99 and that he had answered inquiries by Moser as to the use of the weapon and where he could purchase such a weapon. Quien allowed Moser to test fire his KG–99. The form Quien filled out when he purchased the KG–99 was admitted into evidence over Stavig's objection as to the relevancy of the form. (Exhibit # 25.) The court allowed the exhibit because it indicated Quien's knowledge concerning the weapon. Quien went on to testify as to how a KG–99 could be converted to a fully automatic weapon.

There was testimony at trial that Moser possessed and fired such a weapon at the South Dakota "drying" site; that Enlow, seen with the same or similar weapon, stated that it would be used to "shoot cops" if they were caught harvesting marijuana; and that Moser and Enlow had converted the KG–99 to a fully automatic weapon. The form Moser filled out to purchase the KG–99 was admitted over Stavig's objection as to relevancy. (Exhibit # 26.) Sta-

vig contends that the admission of Exhibits # 25 and # 26 were an abuse of the trial court's discretion because the probative value of the exhibits was outweighed by the prejudicial effect on Stavig, confused the issues, and misled the jury.

"Questions of the relevance of proffered testimony are committed to the discretion of the trial court and this court will not reverse its ruling absent an abuse of discretion." *State v. Olson*, 408 N.W.2d 748, 752 (S.D.1987); *State v. McDowell*, 391 N.W.2d 661 (S.D.1986). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." SDCL 19–12–1 (Rule 401). "Evidence which is not relevant is not admissible." SDCL 19–12–2 (Rule 402). Evidence which is relevant may nevertheless be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." SDCL 19–12–3 (Rule 403).

■ Exhibit # 25 was admitted for the limited purpose of showing that witness Quien had a working knowledge of a KG–99 through ownership of such a weapon. Although we acknowledge that Exhibit # 25 was irrelevant, we fail to see how this evidence could have been prejudicial to Stavig. The jury was aware that Quien had no connection with the crimes charged, except through his conversations with Moser concerning his knowledge of such a weapon. It was harmless error to admit Exhibit # 25 into evidence.

■ This court has recently held that when a weapon is directly tied to the crime, it is properly admissible. *Olson, supra. See, also, State v. Rufener*, 401 N.W.2d 740 (S.D.1987). The test, then, is that there must be some connection between the weapon and the crime. The courts that have dealt with this problem, even while recognizing that firearms may be a tool of the trade, have always required such a connection. *United States v. Randle*, 815 F.2d 505 (8th Cir.1987); *United States v. Payne*, 805 F.2d 1062 (D.C.Cir.1986); *Unit-*

ed States v. Simon, 767 F.2d 524 (8th Cir.), cert. denied, 474 U.S. 1013, 106 S.Ct. 545, 88 L.Ed.2d 474 (1985); *United States v. Montes–Cardenas,* 746 F.2d 771 (11th Cir. 1984); *United States v. Wiener,* 534 F.2d 15 (2d Cir.1976). Here, test firing of the KG–99 at the site of the marijuana-drying operation directly connects the weapon with that operation.

■ Defendant also argues that the purchase, test firing, and "shoot cops" language were independent acts by co-conspirators and should not have been considered as evidence against him as a member of the conspiracy. In *United States v. Austin,* 823 F.2d 257 (8th Cir.1987), defendant argued that his conviction as a co-conspirator was erroneous because there was insufficient evidence to show that his co-conspirators possessed the requisite knowledge or specific intent to form a conspiracy. The Court held that:

> The government need not prove the specific intent or knowledge of the alleged co-conspirators ... in order to support [defendant's] conspiracy conviction. It need only show that defendant entered into an agreement with at least one other person, the objective of which was unlawful, and that *one of those in agreement* committed an overt act in furtherance of the objective. (Emphasis added.)

*Id.* at 259. The *Austin* court cited as authority *United States v. Sopczak,* 742 F.2d 1119 (8th Cir.1984); *United States v. Michaels,* 726 F.2d 1307 (8th Cir.1984); *United States v. Skillman,* 442 F.2d 542 (8th Cir.) *cert. denied* 404 U.S. 833, 92 S.Ct. 82, 30 L.Ed.2d 63 (1971). Similar language is found in *United States v. Copple,* 827 F.2d 1182 (8th Cir.1987), which cites as authority *Michaels, supra,* and *United States v. Mims,* 812 F.2d 1068 (8th Cir.1987). Based upon this record, the trial court properly admitted Exhibit # 26. Further, the testimony regarding the shooting of cops indicates an intent to insure the continuance or protection of the operation.

■ At trial, State's witness Tammy Short (Short) testified that her former boyfriend, Faupel, telephoned her from Iowa and stated that he was picking "ditch" weed in Iowa. At a hearing outside the presence of the jury, State argued that the testimony was admissible as non-hearsay under SDCL 19–16–3(5) (Rule 801(d)(2)(E)),* or as corroboration of Faupel's earlier testimony. Defense counsel, in unison, argued that the statement was not made in the furtherance of a conspiracy, and was offered to prove the truth of the matter asserted; that Faupel had picked ditch weed in Iowa.

■ Three conditions must exist before the co-conspirator exception to the hearsay rule is applicable. First, there must be substantial evidence of conspiracy; second, the statement must have been made while the conspiracy was continuing; and lastly, the statement must have constituted a step in furtherance of the conspiracy. *State v. Smith,* 353 N.W.2d 338 (S.D.1984); *State v. Kane,* 266 N.W.2d 552 (S.D.1978). To satisfy the test of admissibility, there need only be a showing that there is some reasonable basis for concluding that the statement was made in furtherance of conspiracy. *Smith,* 353 N.W.2d at 343.

On this record, there is nothing which indicates that the statement made by Faupel to Short in anyway advanced the objective of the conspiracy. Faupel's statement to Short was merely informational; informing her that he had been picking ditch weed. *See, Smith, supra; United States v. Deluna,* 763 F.2d 897 (8th Cir.), *cert. denied sub nom, Thomas v. United States,* 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985).

■ In *State v. O'Connor,* 378 N.W.2d 248 (S.D.1985), a similar situation arose where a witness testified to a statement made by a co-conspirator to her regarding an upcoming food stamp burglary. This court held that testimony as inadmissible double hearsay. The court went on how-

---

* SDCL 19–16–3 (Rule 801(d)(2)) provides:

A statement is not hearsay if it is offered against a party and is

. . . .

(5) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy.

ever to hold that the error was harmless in that it was merely cumulative because the co-conspirator had testified to the same conversation. We hold that the *O'Connor* logic is applicable to this situation where Faupel had already testified as to his activity.

State now argues that Short's testimony is admissible under the prior consistent statement exception to the hearsay rule, [SDCL 19–16–2 (Rule 801(d)(1) ], or as a present-sense impression [SDCL 19–16–5 (Rule 803(1)) ]. As these theories were not presented to the trial court below, they are not properly preserved for appeal.

We affirm.

All the Justices concur.