**COMMITTEE ON PROFESSIONAL ETHICS AND CONDUCT OF THE IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Donald U. AUSTIN, Respondent.**

No. 88–694.

Supreme Court of Iowa.

Aug. 17, 1988.

Donald U. Austin, West Des Moines, pro se.

James E. Gritzner of Nyemaster, Goode, McLaughlin, Emery & O'Brien, P.C., Des Moines, for complainant.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, SCHULTZ, and ANDREASEN, JJ.

HARRIS, Justice.

In this attorney disciplinary case the commission recommends license revocation. We agree that the facts leave us with no other option.

Austin was 41 years old at the time of his hearing before the grievance commission. He was licensed to practice in both Iowa and Missouri in 1975. After practicing in Missouri until 1979 he moved to Iowa and in 1980 became employed as a trust officer for a Des Moines bank. He has not been in general practice since 1979.

In 1985 Austin became general counsel to a corporation. At the time of hearing he owned a consulting company which catered to small businesses. The complaint against Austin arose from the following transactions which occurred while he was employed by the bank.

Bank policy and state law limited the amount Austin as an employee could borrow from the bank. This limitation was circumvented when a friend and associate of Austin persuaded a third person to take out a loan for $55,000. Through a number of transfers that amount was eventually placed in Austin's own account. As a bank officer he renewed the note several times and made false sheet entries regarding it.

Austin was eventually indicted by a federal grand jury and was later convicted in federal court of conspiracy in violation of 18 U.S.C. section 371. The underlying crimes were misapplication of bank funds in violation of 18 U.S.C. section 656, and making false entries in bank records in violation of 18 U.S.C. section 1005.

Austin's conviction was affirmed by the United States Court of Appeals for the 8th circuit. *United States v. Austin*, 823 F.2d 257 (8th Cir.1987). Austin served one-third of his one year prison sentence and was ordered to make restitution of $50,786.58 to the bank.

The commission correctly found that by the foregoing conduct Austin violated the general misconduct provisions specified in sections EC 1-5; DR 1-102(A)(1); DR 1-102(A)(3); DR 1-102(A)(4); and DR 1-102(A)(6) of the Iowa code of professional responsibility for lawyers. We emphatically agree with the commission's recommendation that Austin's license must be revoked.

LICENSE REVOKED.