**COMMITTEE ON PROFESSIONAL ETH-ICS AND CONDUCT OF The IOWA STATE BAR ASSOCIATION, Complainant,**

v.

**Larry SHEPLER, Respondent.**

No. 94–517.

Supreme Court of Iowa.

July 27, 1994.

Norman G. Bastemeyer and Charles L. Harrington, Des Moines, for complainant.

Larry Shepler, pro se.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and TERNUS, JJ.

TERNUS, Justice.

This attorney disciplinary proceeding involves the conduct of attorney Larry Shepler in his personal business dealings with Opal Truby. The Grievance Commission recommended that Shepler's license to practice law be revoked. We agree.

Larry Shepler has been licensed to practice law in Iowa. In 1984, he and his wife purchased a small farm on contract from Opal Truby who was then 78 years old. Truby was represented by an attorney in this transaction.

At the closing for the sale, Truby's attorney and her daughter, Connie Squire, were

present to assist her. There was some discussion about the Sheplers building a new home on the property. Squire told Shepler and his wife that Truby would not agree to subordinate her interest in the real estate to any financial institution from whom the Sheplers might obtain financing in the future. Squire also told the Sheplers that they should not contact her mother directly on any business matters. Because Truby was elderly and had only an eighth-grade education, Truby relied heavily on her children's advice in any business dealings.

Despite this conversation, Shepler obtained Truby's signature on three separate subordination agreements in 1986 and 1988. In these agreements Truby subordinated her interest in the real estate to the mortgage interest of a bank that had lent money to the Sheplers. Shepler did not contact Truby's attorney or children before having Truby sign the subordination agreements.

Predictably, the Sheplers defaulted on their notes to the bank and on their contract with Truby. Because Truby had subordinated her interest in the property to the interest of the bank, she suffered a financial loss when the Sheplers defaulted. Shepler has not attempted to repay Truby the sums she lost.

The Ethics Committee filed a complaint against Shepler. He did not answer. Shepler also failed to respond to a request for admissions served by the Committee. Although Shepler received proper notice of the hearing, he did not attend. The Grievance Commission filed its findings of fact, conclusions of law and report of recommendations, recommending disbarment. Shepler did not appeal.

When an attorney fails to appeal the Commission's decision, we review de novo the record made before the Commission and decide the matter. Iowa Sup.Ct.R. 118.10. The Commission concluded that Shepler's conduct violated DR 1–102(A)(1), (4), (6) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation or any other conduct adversely reflecting on fitness to practice law) and DR 7–104(A)(1) (prohibiting communication with a party known to be represented by another lawyer). Upon our review of the record, we agree.

From at least as early as 1985, Truby suffered from progressive dementia. Because she had less than full mental capacity, the standard for Shepler's conduct is heightened. *Committee on Professional Ethics & Conduct v. Chipokas,* 493 N.W.2d 414, 418 (Iowa 1992).

We find that Shepler intentionally took advantage of an elderly woman with diminished mental capacity to obtain a financial advantage for himself and his wife. This conduct is particularly reprehensible because Shepler had specifically been told that Truby would not subordinate her interest in the property and had been directed to contact Truby's lawyer or daughter concerning any business dealings. Nevertheless, Shepler and his wife gained Truby's trust and confidence through social visits by Shepler's wife. Then they abused their relationship with her by having her sign subordination agreements that she clearly did not understand.

The Commission considered Shepler's conduct to be an extremely serious violation of a lawyer's duty, as do we. "[L]awyers do not shed their professional responsibility in their personal lives." *Committee on Professional Ethics & Conduct v. Hall,* 463 N.W.2d 30, 35 (Iowa 1990). Under similar, but less egregious, circumstances, we have disbarred the offending lawyer. *Id.* (attorney disbarred in part for deceiving bank in connection with personal loan); *Committee on Professional Ethics & Conduct v. Austin,* 427 N.W.2d 465 (Iowa 1988) (attorney disbarred for using deception to receive a loan from a bank). We agree with the Commission's recommendation that disbarment is also appropriate here.

Shepler's license to practice law in Iowa is revoked. We tax costs to Shepler. Iowa Sup.Ct.R. 118.22.

LICENSE REVOKED.