**UNITED STATES of America,
Appellee,**

v.

**James Earl YOUNG, Appellant.**

**No. 72–1251.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 20, 1972.

Decided Oct. 25, 1972.

---

Jerry W. Faubus, Little Rock, Ark., for appellant.

W. H. Dillahunty, U. S. Atty., and James R. Rhodes, Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before LARAMORE, United States Court of Claims Senior Judge, and BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

James Earl Young was convicted of aiding and abetting Donald E. Wade and Willie Houston, Jr., in the armed robbery of the Union National Bank, Southeast Branch, of Little Rock, Arkansas, on or about May 6, 1971. Wade and Houston were convicted of committing the actual robbery in a separate trial and those convictions have heretofore been affirmed by this Court. United States v. Houston, and United States v. Wade, 467 F.2d 1226, opinion dated October 16, 1972. Young appeals his conviction in this case, alleging that the decision of the jury was contrary to the law and the evidence, and further alleging that FBI Agent John Sholtens obstructed justice by threatening or appearing to threaten witnesses testifying on behalf of the Government. We find no merit to either contention and affirm the judgment of conviction.

In considering Young's contention that the verdict is contrary to the evidence and the law, this Court must view the record in the light most favorable to the Government as the prevailing party in the trial court and accord to the Government the benefit of inferences which reasonably may be drawn from the facts proved. Langel v. United States, 451 F.2d 957, 961 (8th Cir. 1971); United States v. Davis, 434 F.2d 1108, 1109 (8th Cir. 1970); United States v. Kye, 411 F.2d 120, 121 (8th Cir. 1969).

A careful review of all of the evidence adduced at the trial convinces us that the Government established by overwhelming evidence, both direct and circumstantial, that Young drove the pickup truck used in the commission of the bank robbery and that he thereby

aided and abetted in the commission of that robbery.

Mary Hadley testified that on the morning of the robbery she saw Wade, Houston, and Young in a back room of Young's residence, counting a large sum of money, and that Young admitted to her that he drove the truck used in the robbery. Curtis Hadley testified he saw Houston, Wade, and Young together about 8:30 or 9:00 a. m. the day of the robbery; that the next day, Young, who was a poor man, gave Hadley $35 or $40; and that on May 22, 1971, Young gave Hadley $500 or $600 in cash, which Hadley paid to Young's attorney at the direction of Young.

Joe Boatner, who lived across the street from Young and was married to the sister of Young's wife, testified that on May 6, 1971, Young's wife brought a satchel containing a large sum of money to Boatner's house for the purpose of hiding it; that she hid it under a chair in Boatner's home and left; that about ten minutes later, Boatner went over to Young's house and told Young to come get the money, and that Young complied with that request; and that Young admitted to Boatner that he got the money at the Union National Bank.

Other witnesses corroborated portions of this testimony, but no useful purpose would be served in setting forth this additional evidence in detail. Suffice it to say that if the Government's witnesses were to be believed, the evidence against Young was not only sufficient but overwhelming. The only evidence adduced by Young was his own testimony in which he challenged the veracity of each of the Government's principal witnesses and denied any participation in the robbery.

██ Young's second allegation that witnesses were coerced or threatened by an FBI agent is not borne out by the record. The most that can be said is that the agent informed certain recalcitrant witnesses that they could be called to testify before a Federal Grand Jury and that a conviction for perjury could result in incarceration. These admonitions, in keeping with the law and the facts, could not properly be classified as threats or coercion. Moreover, such matters only go to the credibility of the witnesses, who were fully cross-examined at trial.

The judgment of conviction is affirmed.