**UNITED STATES of America, Appellee,**

v.

**Jerry Wayne RECTOR, Appellant.**

**No. 76–1421.**

United States Court of Appeals, Eighth Circuit.

Submitted June 24, 1976.

Decided July 21, 1976.

Rehearing Denied Aug. 19, 1976.

**224**

Jerry Wayne Rector, pro se.

Barry A. Short, U. S. Atty., and David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., filed brief for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Jerry Wayne Rector pleaded guilty to two counts of a four-count indictment charging certain bank robbery offenses. The two counts to which he pleaded guilty charged:

–FIRST COUNT–

That on or about the 17th day of January, 1973, in the City of Grandin, in the State of Missouri, and within the Eastern District of Missouri,

JERRY WAYNE RECTOR,

by force and violence and by intimidation did take from the person and presence of another, to wit, Bob Reid Kitterman, who was the President of the Bank of Gran-

---

din, the sum of approximately $10,850.00, belonging to and in the care, custody, control, management and possession of said Bank of Grandin, a banking institution organized according to the law, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

In violation of Section 2113(a), Title 18, United States Code.

–SECOND COUNT–

The Grand Jury further charges:

That on or about the 17th day of January, 1973, in the State of Missouri, within the Eastern District of Missouri, JERRY WAYNE RECTOR, in the commission of the offense charged in Count I of this indictment, did knowingly, willfully and unlawfully aid and abet Dallas Ray Delay in knowingly, willfully and unlawfully forcing Bob Reid Kitterman to accompany Dallas Ray Delay, without the consent of Bob Reid Kitterman.

In violation of Section 2113(e), Title 18, United States Code.

Rector was sentenced to twenty years imprisonment under Count I and life imprisonment under Count II; the sentences to run concurrently.

The appellant thereafter filed a pleading entitled "A Motion for Judgment of Acquittal or New Trial."[1] In relevant part, this pleading stated:

Count (2), (3), and (4) of the Grand Jury's Indictment pretaining [sic] to 18 U.S.C.A. Sec. 2113(E), which count (2) and (3) were droped [sic] by the Court, Count (4) being the significant charge that carried the sentence of life imprisonment,

Count (4) consisting of Aiding and Adbeting [sic], the indicative crime imposed under 18 U.S.C.A. Sec. 2113(E) carries no stipulation of facts pretaining [sic] to Aiding and Adbeting [sic]. Therefore the sentence imposed by the Court under 18 U.S.C.A. 2113(E) is incorrect because 18

---

1. The appellant characterized his new trial motion as one based on newly discovered evidence. The government suggests that, so characterized, the motion was not timely filed.

However, the motion is not really based on newly discovered evidence and, as the government acknowledges, the motion could be treated as one under 28 U.S.C. § 2255.

U.S.C.A. 2113(E) carries no ellements [sic] such as Aiding and Adbeting [sic].

With the original charge of the Grand Jury of Bank Robbery which was vacated by the Court although the Court alledged [sic] Count (4) Aiding and Adbeting [sic] under 18 U.S.C.A. Sec. 2113(E) which no Aiding and Adbeting [sic] exist under 18 U.S.C.A. 2113(E), and the alledged [sic] crime itself being vacated, Count (4) Aiding and Adbeting [sic] does not exist if the alledged [sic] crime no longer exist.

Relief was denied by the District Court.

The appellant argues that he should not have been charged with aiding and abetting inasmuch as 18 U.S.C. § 2113 does not itself speak of aiding and abetting.

 This contention is without merit. 18 U.S.C. § 2(a) provides:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

This provision is applicable to the entire criminal code. *Breeze v. United States*, 398 F.2d 178, 192 (10th Cir. 1968). Thus, one who aids and abets the commission of a bank robbery is liable under the provisions of § 2113. *See United States v. Jarboe*, 513 F.2d 33 (8th Cir. 1975), *cert. denied*, 423 U.S. 849, 96 S.Ct. 90, 46 L.Ed.2d 71 (1975); *United States v. Young*, 468 F.2d 595 (8th Cir. 1972), *cert. denied*, 414 U.S. 849, 94 S.Ct. 139, 38 L.Ed.2d 97 (1973); *United States v. Cole*, 449 F.2d 194 (8th Cir. 1971), *cert. denied*, 405 U.S. 931, 92 S.Ct. 991, 30 L.Ed.2d 806 (1972).

Affirmed.