**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roy A. WALKER, Defendant-Appellant.**

No. 79–5569
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 9, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

164

Jack Martin, Dallas, Tex., for defendant-appellant.

LeRoy Morgan Jahn, John E. Murphy, Asst. U.S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

KRAVITCH, Circuit Judge:

Roy A. Walker was convicted by a jury of conspiracy to import marijuana in violation of 21 U.S.C. §§ 952(a) and 963 and conspiracy to possess marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, Walker challenges: (1) the jury instruction on the law of aiding and abetting; (2) the consecutive sentences for the convictions of both conspiracy to import marijuana and conspiracy to possess with intent to distribute when the conspiracies allegedly arose out of the same series of acts; (3) denial of his motion for mistrial after the prosecutor attempted to adduce evidence regarding a remote extraneous offense; and (4) denial of his motion for continuance. After carefully considering the record we find appellant's arguments meritless. Accordingly, we affirm.

I.  Facts

On October 23, 1977, a Drug Enforcement Administration agent, investigating the crash of an airplane near Seguin, Texas, discovered John W. Mathews, injured and lying behind a barn near the wreckage of the plane. Approximately 1100 pounds of marijuana were found on the plane. Mathews subsequently agreed to cooperate with the government and testified at the trial of this case.

According to Mathews, during 1975 and 1976, acting under appellant's directions, he flew three plane loads of marijuana from Mexico to Texas. He was paid between $7,000 and $10,000 per trip. In August, 1977, Mathews and appellant met with several Mexicans in Pharr, Texas, to make arrangements for resuming their smuggling operation. Mathews and Walker, accompanied by the Mexicans, drove to a remote area in Mexico, approximately 15 miles from the border, to determine the suitability of an airstrip for use in the smuggling operation. Mathews and appellant then drove back to Dallas. A few days later, Mathews, acting on instructions from appellant, flew back to the Mexican airstrip to pick up the marijuana. Although the marijuana had been ruined by rain, Mathews returned to Texas with some packages which he disposed of.

After appellant renegotiated with his Mexican contacts to replace the spoiled marijuana, appellant and Mathews purchased an airplane under a fictitious name and both flew it to the Mexican airstrip. Mathews supervised the loading of the marijuana and after quickly inspecting the plane, he flew it out of Mexico. En route to Dallas he experienced mechanical difficulties with the plane and encountered bad weather. Mathews attempted to land the airplane, but lost control and crashed near Seguin, Texas, where he was found by the DEA agent the following day.

II.  The Instruction Regarding "Aiding and Abetting"

Appellant first contends that the district court erred in instructing the jury that under 18 U.S.C. § 2 whoever aids or abets in the commission of an offense is punishable as a principal.[1] He argues that he was

---

1. After first correctly charging the jury as to the essential elements of the offenses of conspiracy to import marijuana and conspiracy to possess marijuana with intent to distribute, the judge stated:

> The guilt of an accused in a criminal case may be established without proof that he personally did every act constituting the offense alleged. The law recognizes, ordinarily, anything a person can do for himself may also be accomplished through direction of another person as his agent, or by acting in concert with, or under the

direction of, another person or persons in a joint effort or enterprise.

Title 18, United States Code, Section 2, provides:

> Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is punishable as a principal.
> Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal.
> So, if the acts or conduct of an agent, employee or other associate of the Defendant are

charged only with two conspiracy counts, not with aiding and abetting; the instructions regarding aiding and abetting erroneously expanded the theories upon which the jury could convict, allowing the jury to convict him of the separate and distinct crime of aiding and abetting rather than of the crimes of conspiracy with which he was charged; furthermore, the instructions, in effect, reduced the government's burden of proof.

■ The court did not err in giving an instruction on aiding and abetting even though the defendant was not specifically indicted on that count. As we noted in *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971), 18 U.S.C. § 2 is an alternative charge in every count, whether explicit or implicit, "and the rule is well-established, both in this circuit and others, that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense."[2]

Neither can we agree that the charge embodying 18 U.S.C. § 2 allowed the jury to convict Walker on a separate charge from those stated in the indictment. 18 U.S.C. § 2 does not define a crime. It simply makes punishable as a principal one who aids or abets the commission of a substantive crime. *United States v. Cowart*, 595 F.2d 1023 (5th Cir. 1979); *Powers v. United States*, 470 F.2d 991 (5th Cir. 1972).

Appellant seeks to distinguish these cases, urging that he was charged not as a principal, but as a conspirator in a conspiracy, a distinct "inchoate" offense similar to, but different from aiding and abetting. However, if we accept the Eighth Circuit's ruling in *United States v. Rector*, 538 F.2d 223, 225 (8th Cir. 1976), *cert. denied*, 441 U.S. 963, 99 S.Ct. 2410, 60 L.Ed.2d 1068 (1979), that 18 U.S.C. § 2 is applicable to the entire criminal code,[3] it would be applicable to conspiracy. Indeed, the Ninth Circuit has upheld convictions for aiding and abetting a conspiracy.[4]

Relying on language in *Nye and Nissen v. United States*, 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919 (1949), appellant contends that the law of aiding and abetting is broader in scope than conspiracy; that by instructing the jury on the "broader" charge of aiding and abetting, the court reduced the government's burden of proof, thereby making a conviction more likely on the "narrower" charge of conspiracy.

Appellant's interpretation of *Nye and Nissen* is incorrect. In *Nye and Nissen* the Supreme Court held that aiding and abetting had a broader application than the rule announced in *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), in which the Supreme Court decided

---

willfully directed or authorized by him, or if the Defendant aids and abets another person by willfully joining together with such person in the commission of a crime, then the law holds the Defendant responsible for the acts and conduct of such other persons just as though he had committed the acts or engaged in such conduct himself.

Notice, however, that before any Defendant may be held criminally responsible for the acts of others, it is necessary that the accused willfully associate himself in some way within the criminal venture, and willfully participate in it as he would in something he wishes to bring about: that is to say, that he willfully seek by some act or omission of his to make the criminal venture succeed.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed, are not sufficient to establish that a Defendant either directed or aided and abetted the crime unless you find beyond a reasonable

doubt that the Defendant was a participant and not merely a knowing spectator.

In other words, you may not find any Defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the Defendant willfully participated in its commission.

**2.** *See also United States v. Longoria*, 569 F.2d 422 (5th Cir. 1978); *United States v. Vines*, 580 F.2d 850 (5th Cir.), *cert. denied*, 439 U.S. 991, 99 S.Ct. 591, 58 L.Ed.2d 665 (1978); and *United States v. Gower*, 447 F.2d 187 (5th Cir.), *cert. denied*, 404 U.S. 850, 92 S.Ct. 84, 30 L.Ed.2d 88 (1971).

**3.** *See also Breeze v. United States*, 398 F.2d 178, 192 (10th Cir. 1968).

**4.** *See United States v. Lane*, 514 F.2d 22 (9th Cir. 1975) and *Cook v. United States*, 354 F.2d 529 (9th Cir. 1965).

that a defendant may be found guilty of the substantive offense even though he did no more than join the conspiracy if the substantive offense was committed in furtherance of the conspiracy and as a part of it.

Justice Douglas in *Nye and Nissen* found that although there was not enough evidence to convict the defendant of the substantive counts, there was circumstantial evidence wholly adequate to support the finding of the jury that the defendant aided and abetted in the commission of the offenses:

> We see therefore no reason to exculpate him as an aider and abettor. There was no inadequacy in the charge to the jury on that theory. Nor was the submission in conflict with *Pinkerton v. United States, supra.* The rule of that case does service where the conspiracy was one to commit offenses of the character described in the substantive counts. Aiding and abetting has a broader application. It makes a defendant a principal when he consciously shares in any criminal act whether or not there is a conspiracy. And if a conspiracy is also charged, it makes no difference so far as aiding and abetting is concerned whether the substantive offense is done pursuant to the conspiracy. *Pinkerton v. United States* is narrow in its scope. Aiding and abetting rests on a broader base; it states a rule of criminal responsibility for acts which one assists another in performing. The fact that a particular case might conceivably be submitted to the jury on either theory is irrelevant. It is sufficient if the proof adduced and the basis on which it was submitted were sufficient to support the verdict.

336 U.S. at 619–20, 69 S.Ct. at 770.

Thus, in *Nye and Nissen* the Court simply held that aiding and abetting makes a defendant liable as a principal when he consciously shares in any criminal act, whether or not there is a conspiracy. Accordingly, appellant can find no support in *Nye and Nissen* for his argument that the instruction on aiding and abetting reduced the government's burden of proof.

### III. The Consecutive Sentences

Walker next argues that he could not have been convicted and sentenced to consecutive terms of imprisonment for both conspiracy to import marijuana and conspiracy to possess it, because the conspiracies allegedly arose out of the same series of acts.

In *United States v. Rodriguez*, 612 F.2d 906 (5th Cir. 1980) (en banc) we considered the propriety of imposing cumulative punishment for multiple conspiracies which arose out of the same series of transactions. In *Rodriguez* we construed 21 U.S.C. §§ 846 and 963 to authorize the imposition of consecutive sentences where a conspiracy with dual objectives was involved. Since appellant here admits that there was a diversity of objectives, importing marijuana as well as possessing with intent to distribute, the judge was within his discretion in sentencing Walker to two consecutive terms even if there was but one conspiratorial agreement.

### IV. The Attempted Introduction of Inadmissible Evidence

During the course of the prosecutor's questioning of Mathews, the following exchange took place:

Q. Directing your attention to 1972, did you have an occasion to have a conversation with Mr. Walker concerning the event about which you just mentioned?

A. Yes. I used to drive . . .

Mr. Martin: Your Honor, I object to anything that happened in 1972 as being outside the scope of this indictment and totally irrelevant.

The Court: What do you say?

Mr. Kerr: Number One, the indictment charges that the conspiracy began on or before October, 1977, and I'm also offering this as a prior similar act of an identical nature.

Mr. Martin: It has no bearing to any matter before this jury.

The Court: Isn't that a little remote, 1972?

Mr. Kerr: Your Honor, it's only five years before the . . .

Mr. Martin: Now, your Honor . . . The Court: Why don't you approach the bench?

A bench conference was then held outside the hearing of the jury during which the district court sustained the objection and denied appellant's motion for a mistrial. Immediately after the bench conference the district court instructed the jury to completely disregard the question by the prosecutor, to pay no attention to it, and not to speculate as to what the answer might have been.

Appellant argues that despite the court's instruction to the jury to disregard the prosecutor's question, Walker's motion for a mistrial should have been granted because the prosecutor allegedly attempted to introduce "inflammatory evidence" of a remote extraneous offense.

In *United States v. Klein*, 546 F.2d 1259, 1263 (5th Cir. 1977) we held that evidence withdrawn from the jury with a direction by the court that it be disregarded may not be the basis of reversible error unless the remark is so highly prejudicial as to be incurable by the trial court's admonition. Such was not the case here in view of the district court's immediate instruction to disregard totally the question.

## V. The Denial of Appellant's Motion for a Continuance

Appellant argues that the trial court abused its discretion in denying his motion for a continuance which was based upon the unavailability of James Stout, Robert Demand and Donnie Dickens. Walker contends these witnesses would have impeached the testimony of Mathews that Stout, Demand and Dickens belonged to appellant's organization.

Whether to grant a continuance is within the trial judge's discretion and will be disturbed on appeal only upon a clear showing of abuse of discretion. *United States v. Cueto*, 611 F.2d 1056, 1060 (5th Cir. 1980). ██ Here, we find no abuse of discretion. In moving for a continuance based on the unavailability of witnesses, a movant must show that:

due diligence has been exercised to obtain the attendance of the witness, that substantial favorable evidence would be tendered by the witness, that the witness is available and willing to testify, and that the denial of the continuance would materially prejudice the defendant.

*United States v. Miller*, 513 F.2d 791, 793 (5th Cir. 1975). Furthermore, the motion for continuance must be filed as early as possible. *United States v. Albert*, 595 F.2d 283, 286 (5th Cir.), *cert. denied*, 444 U.S. 963, 100 S.Ct. 448, 62 L.Ed.2d 375 (1979).

Appellant's motion for continuance was not brought until the day of the trial, fifty-one days after his arraignment and twenty-seven days from the assignment of the case for trial. Although appellant alleged that he and his attorney had made diligent efforts to locate the witnesses, he offered no evidence in support of this allegation.

Appellant made no showing at the time of the motion that the witnesses would offer material evidence substantially favorable to him. At most, the witnesses would have offered impeachment testimony denying their membership in appellant's organization. However, the record shows that on cross-examination, Mathews denied ever saying that any of the witnesses were members of appellant's organization. Thus, even had these witnesses been available, their testimony would not have been relevant in the impeachment of Mathews. Nor would their testimony have been substantially favorable to appellant since it would have been only of a cumulative nature on a collateral issue.

Viewing the evidence in this case in a light most favorable to the government,[5] we conclude that the trial court did not commit reversible error.

AFFIRMED.

5. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed.2d 680 (1942).