United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-10566
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

JONATHAN DAVID WEST,

Defendant-
Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-79
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

   Jonathan David West appeals following his conviction by a jury of possession with intent to

distribute five kilograms or more of cocaine and aiding and abetting, in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 2. The Government has filed a motion for summary affirmance or,

alternatively, to dismiss the appeal or for an extension of time to file its brief.

---

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

West argues on appeal that the evidence was insufficient because the Government failed to prove he had actual or constructive possession of the cocaine. He also argues that the Government may not rely on a theory of aiding and abetting because the district court did not instruct the jury on the elements of aiding and abetting and the evidence was also insufficient for this offense.

"In reviewing an appeal based on insufficient evidence, the standard is whether any reasonable trier of fact could have found that the evidence established the appellant's guilt beyond a reasonable doubt." *United States v. Jaramillo*, 42 F.3d 920, 922-23 (5th Cir. 1995)(citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This court considers "the evidence in the light most favorable to the government with all reasonable inferences and credibility choices made in support of the jury verdict." *United States v. Gonzales*, 436 F.3d 560, 571 (5th Cir.), *cert. denied*, 126 S. Ct. 2363 (2006).

The evidence showed that West arranged for the drug transaction by locating the buyer and instructing his codefendant Eduardo Galan to obtain the cocaine and bring it to Fort Worth. Prior to the transaction, West drove Galan to meet the purported buyer, who was actually a confidential informant (CI). West called Galan several times while Galan was transporting the cocaine to Fort Worth to ask about the arrival time. West allowed Galan to park Galan's truck with the cocaine hidden inside in his garage. He instructed Galan to bring some of the cocaine into the house so that the CI could inspect it. He gave his cell phone to the CI to make the call for the money. When Galan and the CI were separated, Galan called West to come pick him up. West and Galan were to split the proceeds of the transaction. The evidence was sufficient to show that West associated with the criminal venture and sought by his actions for the venture to succeed. *See United States v. Garcia*, 242 F.3d 593, 596 (5th Cir. 2001); *Jaramillo*, 42 F.3d at 924. The district court's instructions on

aiding and abetting were also sufficient.  *See United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992); *United States v. Walker*, 621 F.2d 163, 166 (5th Cir. 1980).

West also argues that the presumption of reasonableness created by *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005), violates the Fifth and Sixth Amendments.  He concedes that his argument is foreclosed by circuit precedent, and he raises the issue only to preserve it for further review.

The Government's motion for summary affirmance is GRANTED, and its request for dismissal or an extension of time to file its brief is DENIED.

AFFIRMED.