[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10309
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cr-80108-DMM-8

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JANICE VELEZ and
ANA OVANDO,

Defendants - Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 29, 2014)

Before WILSON, WILLIAM PRYOR, and COX, Circuit Judges.

PER CURIAM:

Defendants Janice Velez and Ana Ovando were convicted on charges relating to an insurance fraud scheme in which both defendants participated in staged automobile accidents and then prepared fraudulent insurance documentation for personal-injury-protection ("PIP") benefits related to chiropractic and massage therapy treatments.  Velez pled guilty and appeals her 24-month total sentence for one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 and eight counts of mail fraud in violation of 18 U.S.C. § 1341.  Ovando was found guilty by a jury and appeals her convictions and total 78-month sentence for one count of conspiracy to commit mail fraud in violation of § 1349 and 14 counts of mail fraud in violation of § 1341.  After review, we affirm.

## I. Defendant Ovando

Ovando contends that the district court committed reversible error by: (1) permitting testimony at trial that Ovando refused to give a written statement to investigators; (2) giving a jury instruction on the mail fraud counts that constructively amended the superseding indictment; and (3) imposing an unreasonable sentence.  We briefly address each contention in turn.

### A. Testimony of Avando's Refusal to Give a Voluntary Written Statement

Our case law is clear: the Government may introduce evidence of silence if it occurred prior to the time of an arrest and a *Miranda* warning.  *United States v. Rivera*, 944 F.2d 1563, 1568 (11th Cir. 1991).  Both parties agree that is what

happened here.    Federal agents asked her for a written statement about her involvement with the accident, and she refused.  The district court did not err in allowing a federal agent to testify about her refusal.

## B. Constructive Amendment

The district court's jury instructions on mail fraud did not constitute a constructive amendment because they did not "broaden the possible bases for conviction beyond what is contained in the indictment." *See United States v. Madden*, 733 F.3d 1314, 1318 (11th Cir. 2013) (*quoting United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990)).  Ovando did not raise this objection in the district court, so we review the district court's instructions only for plain error. *Id.* at 1319.  For us to reverse a district court's decision under plain-error review there must "(1) be an error (2) that is plain (3) that affects the defendant's substantial rights and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1321.

In charging Ovando with mail fraud, the superseding indictment alleged that Ovando "and other persons known and unknown . . . did knowingly, with intent to defraud, devise and intend to devise a scheme to defraud . . . ." (Doc. 158 at 12). The indictment further indicated that the charged conduct was in violation of not only 18 U.S.C. § 1341, the mail-fraud statute, but also 18 U.S.C. § 2, the aiding and abetting statute.  Section 2 "does not define a crime.  It simply makes

3

punishable as a principal one who aids or abets the commission of the substantive crime." *See United States v. Walker*, 621 F.2d 163, 166 (5th Cir. 1980). In other words, under the superseding indictment, there were two bases for convicting Ovando of mail fraud: Either she herself devised a fraud scheme or she aided and abetted others who devised a scheme to defraud.

In charging the jury, the district court instructed that for Ovando to be guilty of mail fraud, the government had to prove that Ovando "knowingly devised or participated in a scheme to defraud . . . ." Although Ovando argues that the "or participated in" language of the instruction constructively amended the indictment, her argument ignores the fact that she also was charged with aiding and abetting mail fraud. Further, as to aiding and abetting, the district court instructed the jury that Ovando could be found guilty of a substantive charge "even without evidence that the defendant personally performed every acted charged," if there is proof that she "intentionally join[ed]" with another person to commit the crime, "intentionally associated with or participated in the crime," and "was a willful participant." In short, the district court's instructions, as a whole, correctly charged the jury that proof beyond a reasonable doubt that Ovando intentionally participated in the mail fraud scheme devised by others was sufficient to establish her guilt as an aider and abetter. *See United States v. Behety*, 32 F.3d 503, 508–09 (11th Cir. 1994) (stating that we must view the jury instructions in context to

determine whether they constructively amended the indictment).  Accordingly, the district court's instructions did not broaden the possible bases for Ovando's mail fraud convictions beyond what was alleged in the superseding indictment.  Ovando has not shown error, much less plain error.

## C. Substantive Reasonableness of Ovando's 78-Month Sentence

We review the reasonableness of a sentence for an abuse of discretion. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  We first look at whether the district court committed any procedural error.  *Id.*  And we next look at whether, under the totality of the circumstances, the sentence is substantively unreasonable under the 18 U.S.C § 3553(a) factors.   In reviewing the reasonableness of Ovando's sentence (outside the advisory Guidelines ranges), we take into account the district court's justification and the extent of the variance, but we do not require extraordinary circumstances to justify such a sentence or presume that such a sentence is unreasonable.  *United States v. Irey*, 612 F.3d 1160, 1186–87 (11th Cir. 2010) (en banc).  Ovando bears the burden to show her sentence is unreasonable in light of the record and the § 3553(a) factors.  *See United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006).

Here, Ovando has not met her burden to show that her total 78-month sentence, 21-months above the advisory Guidelines range of 46 to 57 months' imprisonment, is substantively unreasonable.   The district court explicitly

5

addressed the § 3553(a) factors, and its reasons for the upward variance were sufficiently compelling to justify the extent of the variance. Ovando's contention that her sentence is unreasonable because it resulted in an unwarranted sentencing disparity with her codefendants is unavailing. Sentence disparities among conspirators are not "unwarranted" unless the defendants are similarly situated. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). The district court adequately explained why Ovando was not similarly situated to the other co-conspirators. Ovando's sentence was neither procedurally nor substantively unreasonable. And under the totality of circumstances, the district court did not abuse its discretion by imposing a 78-month sentence.

## II. Defendant Velez

Velez contends that the district court erred by denying her: (1) a two-level minor-role reduction under U.S.S.G. § 3B1.2(b); (2) a two-level acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1(a); and (3) a downward variance pursuant to 18 U.S.C. § 3553(a).

## A. Minor-Role Reduction

Under U.S.S.G. § 3B1.2, when an offense is committed by more than one participant, a defendant may receive a two-level reduction in her offense level if she was a minor participant. U.S.S.G. § 3B1.2(b) & cmt. n.2. A defendant is a minor participant if she is less culpable than most other participants, but her role

6

cannot be described as minimal.  *Id.* § 3B1.2 cmt. n.5. The defendant has the burden to establish (by a preponderance of the evidence) that her role in the offense was minor.  *United States v. De Varon*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).  The determination of whether to apply a minor-role reduction "is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n.3(c).  Accordingly, we review the district court's denial of a role reduction for clear error.  *United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010).

"Two principles guide a district court's consideration: (1) the court *must* compare the defendant's role in the offense with the relevant conduct attributed to [her] in calculating [her] base offense level; and (2) the court *may* compare the defendant's conduct to that of other participants involved in the offense."  *United States v. Alvarez-Coria*, 447 F.3d 1340, 1343 (11th Cir. 2006) (emphasis added).  When the relevant conduct attributed to the defendant is the same as her actual conduct, she "cannot prove that [she] is entitled to a minor-role adjustment simply by pointing to some broader scheme for which [she] was not held accountable."  *Id.*; *see also De Varon*, 175 F.3d at 942–43 (concluding that "when a drug courier's relevant conduct is limited to her own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs").

7

Here, the district court did not clearly err in denying Velez a minor-role reduction.  At her plea hearing, Velez admitted participating in a staged accident, filing a false accident report, and taking herself, her two sons, and her boyfriend to a chiropractic center where she completed false insurance forms and had her boyfriend do the same.  In calculating Velez's offense level, the district court held her accountable for the $56,460 in losses resulting from the staged accident in which she participated.  In other words, Velez's  relevant conduct matched her actual conduct.  Thus, Velez cannot show her role was minor by pointing to the wider fraud conspiracy involving numerous other accidents and multiple chiropractic clinics for which she was not held accountable.  *See De Varon*, 175 F.3d at 941.  As the district court found, Velez played a "central" role in the fraud resulting from her own conduct.

## B. Acceptance of Responsibility

Velez argues that the district court erred in denying her a two-level reduction for acceptance of responsibility since she pleaded guilty—albeit on the third day of trial after learning of a new witness against her.  The district court's assessment of a defendant's acceptance of responsibility is entitled to great deference, and we review it only for clear error.  *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005).  We will not find clear error unless our review of the record leaves us with the "definite and firm conviction" that a mistake has been made.

8

*United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009) (quotations omitted). The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999).

Here, Velez has not shown that the district court clearly erred when it denied her a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). Specifically, because the district court had the opportunity to observe Velez personally at trial, its determination that it did not see any signs of acceptance of responsibility is entitled to great deference.

The district court also noted that Velez's guilty plea was untimely. The Guidelines commentary supports the district court's reluctance to give Velez the benefit of a reduction for her untimely plea. A § 3E1.1 reduction "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt . . . ." U.S.S.G. § 3E1.1 cmt. n.2. Moreover, given Velez's pre-trial statements and conduct in denying responsibility and proceeding to trial, this is not one of those "rare situations" in which "a defendant may clearly demonstrate an acceptance of responsibility for [her] criminal conduct even though [s]he exercises [her] constitutional right to a trial." *Id.* Accordingly, the district court did not err by denying Velez's request for an acceptance-of-responsibility reduction.

### C. Substantive Reasonableness of Velez's 24-month Sentence

Again, we review the reasonableness of a sentence for an abuse of discretion using a two-step process. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). We first look at whether the district court committed any procedural error. *Id.* And we next look at whether, under the totality of the circumstances, the sentence is substantively unreasonable under the 18 U.S.C § 3553(a) factors. Velez bears the burden to show her sentence is unreasonable in light of the record and the § 3553(a) factors. *See United States v. Thomas*, 446 F.3d 1348, 1351 (11th Cir. 2006). We ordinarily expect a sentence within the Guidelines range to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that the sentence was reasonable in part because it was well below the statutory maximum).

Velez has not shown that her sentence was substantively unreasonable. Her sentence of 24 months' imprisonment fell within the Guidelines range of 24 to 30 months. We ordinarily expect a sentence within the Guidelines range to be reasonable. *See Hunt*, 526 F.3d at 746. And her sentence was well below the 20-year statutory maximum. *See Gonzalez*, 550 F.3d at 1324. The district court considered Velez's mitigation evidence, and determined that 24 months'

imprisonment was an appropriate sentence.  We have reviewed this evidence, and find that the district judge's sentence was reasonable.  Because the district court did not commit a clear error of judgment in weighing the evidence and imposing a sentence, it did not abuse its discretion by imposing a 24-month sentence on Velez.

### III.  Conclusion

Velez's sentence is affirmed and Ovando's conviction and sentence are affirmed.

**AFFIRMED.**

11