# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40441
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH MARTIN, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:16-CR-19-5

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Kenneth Martin, Jr., appeals his jury trial conviction for conspiracy to possess with intent to distribute a controlled substance, namely 50 grams or more of actual methamphetamine (meth).  The district court sentenced Martin to 115 months in prison to be followed by seven years of supervised release.  Martin argues that the evidence was insufficient to sustain his conviction.  He further argues that the district court erred in giving the jury an instruction on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aiding and abetting and that the aiding and abetting instruction constructively amended his indictment.

The parties dispute the standard of review pertaining to Martin's sufficiency of the evidence claim.  We need not decide whether Martin adequately preserved his objection because his argument fails even under the more strict standard of review for preserved challenges.

Preserved challenges to the sufficiency of the evidence are reviewed de novo, *see United States v. Grant*, 683 F.3d 639, 642 (5th Cir. 2012), which requires us to consider the evidence presented in the light most favorable to the Government to determine whether a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt, *see United States v. Lopez-Moreno*, 420 F.3d 420, 437-438 (5th Cir. 2005).  Martin does not dispute the existence of a conspiracy or that the members agreed to possess a quantity of actual meth with the intent to distribute; accordingly, he has abandoned those issues. *See United States v. Harrison*, 777 F.3d 227, 236 (5th Cir. 2015).

Martin does argue, however, that the evidence was insufficient for the jury to conclude that he knew about and willfully participated in the conspiracy.  Britni Martin, an admitted member of the conspiracy, expressly identified Martin as a participant.  Her testimony, alone, was sufficient to support Martin's conviction. *See, e.g., United States v. Garcia Abrego*, 141 F.3d 142, 155-56 (5th Cir. 1998) (concluding that a conspiracy conviction may be sustained by even the uncorroborated testimony of a co-conspirator, so long as the testimony is "not incredible as a matter of law"); *United States v. Bermea*, 30 F.3d 1539, 1552 (5th Cir. 1994) (same, "even if the [co-conspirator] witness is interested due to a plea bargain or promise of leniency, unless the testimony is incredible or insubstantial on its face").  To the extent that Martin insinuates

No. 17-40441

that Britni's testimony was not credible, we do not evaluate the weight of the evidence or the credibility of the witnesses, *United States v. Delgado*, 256 F.3d 264, 273-74 (5th Cir. 2001), because these issues remain within the purview of the jury, *Grant*, 683 F.3d at 642. Furthermore, Britni's testimony was corroborated by testimony from law enforcement officials, including an officer who heard Martin spontaneously admit to being the owner of a distributable amount of meth found under the hood of a co-conspirator's car.

Given that the existence of the drug conspiracy is undisputed, Martin's concerted actions with other known members of the conspiracy rose to a level of more than just mere association or mere presence in an unsavory atmosphere. *See Garcia Abrego*, 141 F.3d at 155. When the evidence is considered in the light most favorable to the verdict, the jury reasonably concluded that Martin was guilty beyond a reasonable doubt of conspiracy to possess with intent to distribute a controlled substance. *See United States v. Mitchell*, 484 F.3d 762, 769-71 (5th Cir. 2007); *Lopez-Moreno*, 420 F.3d at 437-38.

Martin concedes that his argument that the district court erred in giving the jury an aiding and abetting instruction because aiding and abetting was not charged in the indictment is foreclosed by current circuit precedent. *See United States v. Walker*, 621 F.2d 163, 166 (5th Cir. 1980). He raises the issue to preserve it for possible future review. By failing to adequately brief the issue, Martin has waived his argument that the aiding and abetting instruction constructively amended his indictment. *See* FED. R. APP. P. 28(a)(8)(A); *Harrison*, 777 F.3d at 236.

AFFIRMED.