[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13306

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

YOANDRY BENITEZ GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:17-cr-20384-CMA-1

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Yoandry Benitez Gonzalez (Benitez) challenges his convictions by guilty plea for attempted Hobbs Act robbery, *see* 18 U.S.C. § 1951(a), and brandishing a firearm during and in relation to a crime of violence, that is, the attempted Hobbs Act robbery, *see* 18 U.S.C. § 924(c)(1)(A).  He argues that his guilty plea was fatally defective because the district court failed to ensure he understood the legal grounds for his culpability and because the factual basis for the plea was insufficient.  He also contends that his § 924(c) conviction must be vacated because attempted Hobbs Act robbery does not qualify as a crime of violence.

The Supreme Court recently held that attempted Hobbs Act robbery is not a crime of violence for purposes of § 924(c), so we reverse Benitez's conviction under that statute.  But we affirm Benitez's conviction for attempted Hobbs Act robbery because he has not shown that the district court plainly erred in accepting his guilty plea.  Nevertheless, because of the error with respect to the § 924(c) conviction, we vacate the entire sentence and remand for resentencing.

I.

Benitez was charged by indictment with three crimes: (1) conspiracy to commit Hobbs Act robbery, in violation of § 1951(a) (Count 1); (2) attempted Hobbs Act robbery, in violation

of § 1951(a) and 18 U.S.C. § 2 (Count 2); and (3) brandishing and discharging a firearm during and in relation to, and in furtherance of, a crime of violence, in violation of § 924(c)(1)(A) and § 2 (Count 3).

Benitez executed a plea agreement and factual proffer with the government. In the plea agreement, he agreed to plead guilty to "attempted Hobbs Act robbery," as charged in Count 2, and to "aiding and abetting the knowing use and brandishing of a firearm during and in relation to a crime of violence, that is, the attempted Hobbs Act robbery charged in Count 2," as charged in Count 3, in exchange for dismissal of Count 1 and the discharge portion of Count 3. He also signed a detailed "Factual Proffer" setting forth the facts of the offenses, which he agreed were "sufficient to prove [his] guilt."

According to the factual proffer, Benitez and two coconspirators "attempted to commit an armed robbery of a GardaWorld truck" outside a TD Bank in Homestead, Florida, on December 20, 2016. Benitez was a GardaWorld employee on leave who used his inside knowledge to help plan the robbery of the armored truck. On the morning of December 20, Benitez and the coconspirators followed the route of the truck and discussed the robbery plans. Benitez also pointed out the location of the TD Bank where the attempted robbery eventually occurred. Benitez knew that firearms would be used during the robbery, and he expected to receive a share of the proceeds. Benitez then left his coconspirators, who, later that day, went forward with the attempted

robbery without him. The coconspirators confronted a Garda-World employee at gunpoint as he returned to the truck from the bank. A gunfight ensued in which all three individuals were shot. One of the coconspirators died at the scene. The other fled and was soon apprehended. He identified Benitez as a coconspirator who helped plan the attempted robbery.

Benitez appeared for a change-of-plea hearing before the district court with the assistance of a Spanish interpreter. The court confirmed that Benitez, who was 32 years old, had a GED, and spoke some English, was competent to plead guilty. It then addressed the indictment and the charges. Benitez advised that he had fully discussed the indictment with counsel, was fully satisfied with his representation, and understood the charges, which the court said were "attempted Hobbs Act robbery" and "aiding and abetting the knowing use and brandishing of a firearm during and in relation to the attempted Hobbs Act robbery." The government then set forth the elements of the offenses, which defense counsel agreed were accurate. Unlike with the brandishing count, the government's recitation of the elements for attempted robbery did not cover aiding-and-abetting liability.

The district court asked defense counsel to state the steps he had taken to inform Benitez of the charges and evidence against him, his defenses, his rights, and the consequences of the plea. Counsel, who was fluent in Spanish, explained that he had thoroughly reviewed the indictment, the statute, and the case law with Benitez. According to counsel, Benitez had difficulty

understanding "exactly what he's pleading to" given that "he was not present when the actual attempted robbery" took place, and he had planned to be only the "getaway driver" and did not know the robbery would happen that day.  Counsel stated that he explained to Benitez in detail that, under "the aiding and abetting theory," as set out in *Rosemond v. United States*, 572 U.S. 65 (2014), "even if . . . he was not physically present when certain acts took place, if he had advanced knowledge of what the attempted crime was going to be and he assisted or aided and abetted . . . in that crime, that he is just as guilty as the person who actually perpetrated the crime." Counsel also told Benitez that he would have had to notify law enforcement to be able to "argue that he . . . had withdrawn or he was not actively involved in the crime."  Benitez agreed with counsel's explanation and confirmed his understanding.  He also said he was pleading guilty because he was in fact guilty.

Later, the district court read out the factual proffer in open court and asked Benitez if the facts were true and accurate.  Defense counsel interjected that the answer was "yes, as far as his culpability" "under an aiding and abetting theory," but that the indictment and part of the proffer made it seem like "he, himself did these things," which was not accurate and had contributed to his "difficulty in understanding."  Counsel pointed to the factual proffer's statement that Benitez "attempted to commit an armed robbery," which was accurate "under the aiding and abetting theory" but factually misleading.  The court said it was clear that Benitez was not present at the attempted robbery.  With that clarification,

Benitez agreed that the factual proffer was accurate. The court then asked counsel if he was satisfied that "there has been a sufficient factual basis for his plea of guilty under an aiding and abetting theory." Counsel agreed. Immediately after, Benitez pled guilty.

The district court accepted the guilty plea as knowing and voluntary and "supported by an independent basis in fact containing each of the essential elements of the offenses." The court sentenced Benitez to 57 months on the attempted-robbery count, followed by 84 months on the brandishing count. This appeal followed.[1]

## II.

We start with Benitez's conviction on Count 2 for attempted Hobbs Act robbery. Benitez contends that the plea colloquy was fatally defective under Rule 11 and unconstitutional because the district court failed to ensure he understood the nature of the charge, including the doctrines of attempt and aiding and abetting. Relatedly, he asserts that "no factual basis [was] elicited for either an attempt or an aiding and abetting offense."

---

[1] The district court originally entered judgment in December 2017. In August 2018, Benitez filed a 28 U.S.C. § 2255 motion alleging, among other deficiencies, that counsel failed to file a notice of appeal. The district court granted relief on that claim and reimposed its judgment so that Benitez could take a timely appeal. *See United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000) (authorizing this relief in a § 2255 proceeding). This is that appeal.

21-13306                 Opinion of the Court                 7

Because Benitez raises these arguments for the first time on appeal, we review for plain error only. *See United States v. Presendieu*, 880 F.3d 1228, 1237 (11th Cir. 2018) (reviewing similar constitutional and Rule 11 arguments for plain error); *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285–86 (11th Cir. 2015) (reviewing a challenge to the sufficiency of the factual basis for plain error). Under that standard, Benitez "bears the burden of showing that there is (1) error, (2) that is plain, and (3) that affects substantial rights." *Presendieu*, 880 F.3d at 1237 (quotation marks omitted). Even then, "we may recognize the forfeited error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

### A.

To ensure that guilty pleas are knowing and voluntary, and therefore constitutionally valid, "Rule 11(b) sets out procedures that district courts must follow when accepting guilty pleas." *Presendieu*, 880 F.3d at 1238; *see McCarthy v. United States*, 394 U.S. 459, 466 (1969). "These procedures are designed to address the three 'core objectives' necessary for a knowing and voluntary guilty plea: (1) that the defendant enters his plea free from coercion, (2) that he understands the nature of the charges, and (3) that he understands the consequences of his plea." *Presendieu*, 880 F.3d at 1238. Although the requirements of Rule 11 are "mandatory," not "aspirational," the adequacy of a plea colloquy is determined by "matters of substance, not form." *United States v. Monroe*, 353 F.3d 1346, 1351 (11th Cir. 2003). And only a "total" or "abject"

failure to address a core concern will be enough to warrant relief on plain-error review.[2] *Presendieu*, 880 F.3d at 1239.

Regarding the second core objective, the district court must "inform the defendant of, and determine that the defendant understands," "the nature of each charge to which the defendant is pleading." Fed. R. Crim. P. 11(b)(1)(G). There is no exact formula for determining whether the court adequately informed the defendant of the nature of the charges. *Presendieu*, 880 F.3d at 1238. The court is not necessarily required to list out each element of the offense. *Id.* Rather, the adequacy of a plea colloquy depends "on the complexity of the charges and the defendant's intelligence and sophistication." *Id.* "District courts must ensure, one way or another, that the defendant knows and understands the nature of the offenses to which he or she is pleading guilty." *Id.* at 1239.

Our task on appeal is to review the record as a whole and determine whether the defendant "understood what he was admitting and that what he was admitting constituted the crime charged." *Id.* at 1240 (quotation marks omitted). In doing so, we give deference to the district court's factual findings that the

---

[2] In addition, the defendant seeking to show plain error usually must demonstrate that, but for the error during the plea colloquy, "there is a reasonable probability that he would have gone to trial rather than plead guilty." *Greer v. United States*, 141 S. Ct. 2090, 2098–2100 (2021); *Presendieu*, 880 F.3d at 1239 n.3. Aside from his bare assertion to that effect, which contradicts his sworn statements during the plea colloquy and is insufficient on its own, Benitez has not made such a showing.

defendant understood the nature of the charges and that the defendant entered a knowing and voluntary plea of guilty, reviewing them for clear error only. *Id.*

The district court also must "determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). This requirement protects "a defendant who mistakenly believes that his conduct constitutes the criminal offense to which he is pleading." *United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005) (quotation marks omitted). "A factual basis for the plea simply means that there must be evidence from which a court could reasonably find that the defendant was guilty, and uncontroverted evidence of guilt is not required." *United States v. Rodriguez*, 751 F.3d 1244, 1255 (11th Cir. 2014) (quotation marks omitted).

## B.

Benitez maintains that his guilty plea was fatally defective because "[n]othing in the plea colloquy . . . adequately covered the complex interaction between vicarious liability and the inchoate offense of attempt." He notes that the plea agreement covered aiding-and-abetting liability for the § 924(c) offense only. So in his view, "[t]he government did not rely on any theory of vicarious liability" as to Count 2, but it then failed to reference an essential element of attempt: that Benitez took "a substantial step in the actual commission of the offense." He also contends that defense counsel's statements confused aiding-and-abetting liability with

coconspirator liability under *Pinkerton*[3] and showed that Benitez may have been induced to plead guilty based on uncharged or incorrect theories of vicarious liability. All told, according to Benitez, he failed to understand the actual crime charged, and he pled guilty based on uncharged and unexplained, or incorrectly explained, theories of vicarious liability.

Starting with the charge itself, the Hobbs Act makes it a crime to obstruct, delay, or affect commerce "by robbery" or to "attempt[] or conspire[] to do so." 18 U.S.C. § 1951(a). To be convicted of an "attempt," a defendant must (1) have the specific intent to engage in the criminal conduct with which he is charged; and (2) have taken a substantial step towards the commission of the offense. *United States v. Yost*, 479 F.3d 815, 819 (11th Cir. 2007).

The federal aiding-and-abetting statute, 18 U.S.C. § 2, states that a person who "aids, abets, counsels, commands, induces or procures" the commission of a federal offense "is punishable as a principal." *Rosemond v. United States*, 572 U.S. 65, 70 (2014). It reflects the view "that a person may be responsible for a crime he has not personally carried out if he helps another to complete its commission." *Id.* "[A] person is liable under § 2 for aiding and abetting a crime if (and only if) he (1) takes an affirmative act in

_____

[3] *Pinkerton v. United States*, 328 U.S. 640 (1946); *see United States v. Alvarez*, 755 F.2d 830, 847 (11th Cir. 1985) ("Under *Pinkerton*, each member of a conspiracy is criminally liable for any crime committed by a coconspirator during the course and in furtherance of the conspiracy . . . .").

furtherance of that offense, (2) with the intent of facilitating the offense's commission." *Id.* at 71. The government must also prove that "the substantive crime was committed by someone." *United States v. Seabrooks*, 839 F.3d 1326, 1333 (11th Cir. 2016).

Aiding-and-abetting liability need not be charged in the indictment. *Id.* As "merely a theory upon which criminal liability may be based," not an essential element of the underlying offense, *United States v. Camacho*, 233 F.3d 1308, 1315 (11th Cir. 2000), it is "an alternative charge in every count, whether explicit or implicit," *United States v. Walker*, 621 F.2d 163, 166 (5th Cir. 1980).[4]

Nor does the failure to mention aiding-and-abetting liability during the plea colloquy render a guilty plea based on that theory of liability invalid. In *United States v. DePace*, for example, two defendants challenged their guilty pleas for aiding and abetting a § 924(c) offense on the ground that they did not understand the nature of the charges. 120 F.3d 233, 236–37 (11th Cir. 1997). We affirmed, even though no explanation of aiding and abetting was provided in the indictment, in the plea agreement, or during the plea colloquy. *Id.* at 236–37. As to one defendant, we found that a lay person would understand his legal culpability because he was in the room with his codefendants when they brandished weapons and assaulted a federal agent. *Id.* at 237. As to the other defendant,

---

[4] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

who was outside in a van when these events took place, we found that "a lay person might not understand this legal principle without an explanation." *Id.* Still, we affirmed the court's finding that the defendant understood the nature of the charges because there was "nothing in the record to contradict the district court's conclusion that [he] adequately comprehended the basis for his plea." *Id.* at 238.

Here, Benitez has not demonstrated plain error. Although the indictment and plea agreement did not expressly allege that Benitez aided and abetted the attempted robbery, in contrast to the plea agreement's treatment of Count 3, Count 2 of the indictment did refer to the aiding-and-abetting statute, § 2, putting Benitez on notice of that theory of liability. In any event, aiding-and-abetting liability need not be charged in the indictment and is considered an alternative charge in every count. *See Seabrooks*, 839 F.3d at 1333; *Walker*, 621 F.2d at 166. So the district court was not prohibited from accepting Benitez's guilty plea as to Count 2 under an aiding-and-abetting theory of liability even though it was not expressly referenced in the plea agreement.

And the record of the plea colloquy shows that the district court accepted the guilty plea based on that theory. Defense counsel indicated that his discussions with Benitez about the case centered on aiding-and-abetting liability as set out in *Rosemond*, which Benitez confirmed was accurate. Then, after the district court read out the factual proffer in open court, which outlined the assistance Benitez offered to the two individuals who committed

the attempted robbery, defense counsel indicated that the facts established Benitez's guilt "under an aiding and abetting theory." Benitez agreed that the factual proffer was accurate once the court confirmed he was not present for the attempted robbery. And Benitez pled guilty to Count 2 immediately after defense counsel confirmed the court's statement that there was "a sufficient factual basis for his plea of guilty under an aiding and abetting theory." Accordingly, the record shows that Benitez pled guilty to aiding and abetting the attempted robbery charged in Count 2.

We agree with the district court that the factual proffer provided a sufficient factual basis for the guilty plea under an aiding-and-abetting theory. It is undisputed that an attempted robbery occurred outside the TD Bank on December 20, 2016. *See Seabrooks*, 839 F.3d at 1333. The factual proffer also shows that Benitez took "an affirmative act in furtherance of that offense . . . with the intent of facilitating the offense's commission." *Rosemond*, 572 U.S. at 71. He supplied his two coconspirators with his inside knowledge of the armored truck's route, discussing the robbery plans and bringing them to the bank where the attempted robbery occurred, and he expected to receive a share of the proceeds. Based on these facts, the court could reasonably conclude that Benitez was guilty of aiding and abetting the attempted robbery.[5] *See Rodriguez*, 751 F.3d at 1255.

---

[5] Benitez claims that he was cut out of the robbery plan and lacked knowledge that the robbery would go forward on December 20. But those facts were not

The record also supports the district court's finding that Benitez's guilty plea was knowing and voluntary and that he understood the nature of the charge and the legal grounds upon which he was pleading guilty. *See Presendieu*, 880 F.3d at 1238. Although the crimes of robbery or attempted robbery are fairly simple to understand, particularly under the facts set out in the factual proffer, a lay person might not understand "without an explanation" why he would be held liable for an attempted robbery and shooting he was not present for. *DePace*, 120 F.3d at 237. Indeed, defense counsel noted that Benitez had some difficulty understanding his culpability for the attempted robbery and shooting when he was not at those events.

Despite this added complexity, though, nothing in the plea colloquy suggests that Benitez's confusion persisted through the change-of-plea hearing, such that the district court should have conducted a more in-depth inquiry or explained aiding-and-abetting liability in more detail. *See id.* On the contrary, Benitez confirmed that he had fully discussed the indictment with counsel and was fully satisfied with his representation, that he understood the charges, that the facts in the factual proffer were accurate, and that he was pleading guilty because he was in fact guilty. He never contradicted counsel's explanation of their discussions about aiding-and-abetting liability or sought clarification of the repeated

part of the factual proffer, which provided a sufficient basis for the guilty plea, and "uncontroverted" evidence of guilt is not required. *Rodriguez*, 751 F.3d at 1255.

references to that theory of liability. Rather, he pled guilty to Count 2 immediately after the court described the factual proffer as providing a "sufficient factual basis for his plea of guilty under an aiding and abetting theory." Benitez also possessed a GED and was represented by an attorney who was fluent in Spanish, which indicates there was no language barrier to his understanding. In these circumstances, as in *DePace*, the failure to provide an explanation about aiding-and-abetting liability does not undermine the court's finding that Benitez understood the basis for his plea. *See id.*

We are not persuaded that defense counsel's comments about "withdrawal" suggest he misled Benitez about aiding-and-abetting liability by mistakenly referring to *Pinkerton* liability. Counsel explained that he informed Benitez about aiding-and-abetting liability based in *Rosemond*, which does not mention *Pinkerton* liability. And *Rosemond* refers to a defendant's "withdraw[al]" to avoid liability under an aiding-and-abetting theory, which is broadly consistent with counsel's comments. *See e.g.*, *id.* at 78 ("When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, *withdraw* from the enterprise." (emphasis added)). Counsel's arguably ambiguous comments do not suggest that any plain or clear error occurred, particularly where the district court was in the best position to observe Benitez's demeanor, intelligence, and understanding of the charges. *See Presendieu*, 880 F.3d at 1240.

For these reasons, the plea colloquy was not so deficient that it resulted in a total or abject failure to address the core principle that "a defendant understands the nature of the charges against him." *Id.* at 1239. The district court therefore did not plainly err in accepting his guilty plea. We affirm Benitez's conviction on Count 2 for aiding and abetting the attempted Hobbs Act robbery.

## III.

But we reverse Benitez's conviction on Count 3 for aiding and abetting the use and brandishing of a firearm during and in relation to a crime of violence, namely the attempted Hobbs Act robbery charged in Count 2.

When this appeal was filed, our precedent held that attempted Hobbs Act robbery qualified as a crime of violence for purposes of § 924(c). *See United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018) ("Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes 'attempted use' of force."). In June 2022, however, the Supreme Court overruled *St. Hubert* and held that a conviction for attempted robbery under the Hobbs Act cannot serve as a predicate offense for a § 924(c) conviction. *United States v. Taylor*, 142 S. Ct. 2015, 2025 (2022) ("Attempted Hobbs Act robbery does not require proof of any of the elements § 924(c)(3)(A) demands.").

Both parties agree that *Taylor* requires that Benitez's § 924(c) conviction be set aside. Because *Taylor* makes clear that

Benitez lacks an underlying crime of violence for purposes of § 924(c), we reverse his conviction on Count 3.

Consistent with our ordinary practice, we also vacate Benitez's entire sentence and remand for resentencing on Count 2. *See United States v. Fowler*, 749 F.3d 1010, 1017 (11th Cir. 2014) (explaining that, when a conviction is set aside, we presume that "sentences on each count of a multi-count indictment are part of a package that may . . . be revisited to ensure that the overall sentence on the surviving counts is consistent with the district court's intentions, the guidelines, and the § 3553(a) factors"); *id.* ("[S]entences that include a mandatory consecutive term of imprisonment . . . are particularly well suited to being treated as a package because they are inherently interdependent." (cleaned up)).

## IV.

In sum, we affirm Benitez's conviction on Count 2. We reverse his conviction on Count 3. We vacate the entire sentence and remand for resentencing.

**AFFIRMED IN PART; REVERSED IN PART; VACATED AND REMANDED IN PART.**